Christopher M. Paparella (CP 8881)
Jason A. Masimore (JM 8165)
HUGHES HUBBARD & REED LLP
One Battery Park Plaza
New York, NY 10004-1482
(212) 837-6000

Attorneys for Defendant Gerard A. Neumann

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - x
                                                  :
MICHAEL P. TIERNEY,                               :    No.:
                                                  :
                              Plaintiff,          :
                                                  :    **NOTICE OF REMOVAL OF**
        -against-                                 :    **DEFENDANT GERARD A.**
                                                  :    **NEUMANN**
GERARD A. NEUMANN,                                :
                                                  :
                              Defendant.          :
- - - - - - - - - - - - - - - - - - - - - - - - - x

PLEASE TAKE NOTICE that Defendant Gerard A. Neumann ("Neumann")

hereby removes this action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 from the Supreme

Court of the State of New York, County of New York to the United States District Court for the

Southern District of New York and respectfully states to this Court the following:

        1.      This action involves a business dispute between Plaintiff Michael P.

Tierney, the CEO and a shareholder of Seneca Investments LLC ("Seneca"), and Defendant

Gerard A. Neumann, the CFO and a shareholder of Seneca, concerning certain demands by

Plaintiff for cash distributions from Seneca that Plaintiff contends Defendant failed to cause.

Plaintiff asserts causes of action for breach of fiduciary duty, breach of contract, breach of the

implied covenant of good faith and fair dealing and conversion. Plaintiff seeks compensatory

damages of $800,000 and punitive damages of $500,000 based upon these causes of action, plus

interest.

2.    Plaintiff filed this civil action against Defendant in the Supreme Court of the State of New York, County of New York, bearing Index Number 601356/07.

3.    As more fully set out below, this case is properly removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because Defendant has (1) satisfied the procedural requirements for removal and (2) this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

## I.    DEFENDANT HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

4.    Defendant received a copy of Plaintiff's Complaint ("Complaint") on April 28, 2007 by United States Mail. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1441. A true and correct copy of the Summons and Complaint served on Defendant is attached hereto as Exhibit 1.

5.    Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because it is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 112(b).

6.    No previous application has been made for the relief requested herein.

7.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and a copy is being filed with the Clerk of the Court for the Supreme Court of the State of New York, New York County.

## II.    REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 and 1441.

8.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because this is a civil action between citizens of different states in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest.

**A.    There Is Complete Diversity Of Citizenship.**

9.    There is complete diversity between Plaintiff and Defendant because, as Plaintiff alleges in his complaint, Plaintiff is a citizen of Connecticut and Defendant is a citizen of New Jersey. (Compl. ¶¶ 1 and 2.)

10.    Defendant is, and was at the time Plaintiff commenced this action, a citizen of the State of New Jersey.

11.    Upon information and belief, Plaintiff is, and was at the time he commenced this action, a citizen of the State of Connecticut, the state in which he alleges he resides.

**B.    The Amount In Controversy Requirement Is Satisfied.**

12.    It is apparent from the face of the Complaint that Plaintiff seeks recovery of an amount in excess of $75,000, exclusive of costs and interest.  Plaintiff seeks compensatory damages for alleged breach of fiduciary duty, breach of contract, breach of implied covenant of good faith and fair dealing and conversion by Defendant in the amount of $800,000 and punitive damages in the amount of $500,000, plus interest.


WHEREFORE, Defendant respectfully removes this action from the Supreme Court of the State of New York, County of New York, pursuant to 28 U.S.C. § 1441.

3

DATED:     New York, New York
           May 21, 2007

                              Respectfully submitted,

                              HUGHES HUBBARD & REED LLP


                              By:_____
                                 Christopher M. Paparella (CP 8881)
                                 Jason A. Masimore (JM 8165)

                              One Battery Park Plaza
                              New York, New York  10004-1482
                              (212) 837-6000

                              *Attorneys for Defendant Gerard A.
                              Neumann*

# EXHIBIT 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-----------------------------------------------------------x
MICHAEL P. TIERNEY,                        : Index No. 07-601356

                Plaintiff,    : **SUMMONS AND**
                               : **COMPLAINT**

       -against-                         :

GERARD A. NEUMANN,                         :

               Defendant.    :
-----------------------------------------------------------x

NEW YORK
COUNTY CLERK'S OFFICE

APR 2 4 2007

NOT COMPARED
WITH COPY FILE

TO:    GERARD A. NEUMANN, 502 Ridgewood Avenue, Glen Ridge, NJ 07028

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action, or to serve a

notice of appearance, if the complaint is not served with this summons, within twenty (20)

days after service of this summons, exclusive of the day of service, or within thirty (30) days

after service is complete if this summons is not personally delivered to you within the State of

New York. In case of your failure to appear or answer, judgment will be taken against you by

default for the relief demanded in the complaint. Venue is based on the exclusive venue

obligations of the Seneca Operating Agreement and based on the fact the parties do business

in New York County.

Dated: New York, New York
       April 24, 2007

                            LAW OFFICE OF WILLIAM COUDERT RAND

                    By:    _____
                               William C. Rand, Esq.
                               711 Third Avenue, Suite 1505
                               New York, New York 10017
                               (212) 286-1425; (fax) (212) 599-7909
                               Attorneys for Plaintiff

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-----------------------------------------------------------------x

MICHAEL P. TIERNEY,

                      Plaintiff,

        -against-

GERARD A. NEUMANN,

                    Defendant.

-----------------------------------------------------------------x

Index No. 07-601356

**COMPLAINT**

NEW YORK
COUNTY CLERK'S OFFICE

APR 2 4 2007

NOT COMPARED
WITH COPY FILE

        Plaintiff Michael P. Tierney ("Tierney" or "Plaintiff") alleges upon personal knowledge as to himself and his own acts and upon information and belief as to all other matters for his Complaint against Gerard A. Neumann ("Defendant") as follows:

## THE PARTIES

        1.      Plaintiff Michael P. Tierney is a resident of the State of Connecticut, with his workplace in New York County, New York.

        2.      Defendant Gerard A. Neumann is a resident of the State of New Jersey with his workplace in New York County, New York.

        3.      The causes of action stated herein arose in New York County.

        4.      Venue is proper in New York County under CPLR Section 503 because neither the Plaintiff nor the Defendant resides in New York State.

        5.      Jurisdiction is proper in New York County because the events giving rise to the causes of action took place here and because the parties are bound by the Restated Organization and Operating Agreement of Seneca Investments LLC, which provides for the exclusive jurisdiction of the courts located in New York County.

## FACTUAL ALLEGATIONS

6.      Seneca Investments LLC ("Seneca") is a Delaware limited liability company formed by Omnicom Group Inc. on May 2, 2001. At all times its offices have been in New York County, New York.

7.      Omnicom Group Inc. ("Omnicom") is a large publicly traded company engaged in the advertising business.

8.      The formation of Seneca is the subject of a large federal securities fraud litigation against Omnicom and certain of its senior officers in the Southern District of New York. None of Seneca, Plaintiff or Neumann is a party in that securities fraud litigation.

9.      At all times since May 2, 2001, Plaintiff has been the Chief Executive Officer of Seneca, and Neumann has been the Chief Financial Officer of Seneca. They are Seneca's only two officers.

10.      Neumann controls all Seneca's bank accounts and cash distributions to shareholders.

11.      On March 31, 2004, Omnicom restructured the ownership of Seneca so that its equity was beneficially owned 40% by Omnicom, 40% by Plaintiff and 20% by Neumann. As a result of that restructuring, Seneca also owed Omnicom a $24 million note ("Note").

12.      At that point, Omnicom asked Plaintiff and Neumann to liquidate all Seneca's assets on reasonable terms and use the proceeds to repay the $24 million Note to Omnicom, and then to distribute any remaining amounts to the shareholders.

13.      Sometime in 2004, Omnicom transferred all of its financial interest in the equity of Seneca to the Wharton Business School at the University of Pennsylvania.

2

14.    Seneca proceeded to liquidate its assets on reasonable terms. By April of 2006, Seneca had repaid all of the $24 million Note to Omnicom. Defendant Neumann made shareholder distributions in April and November of 2006.

15.    In January of 2007, Seneca exercised warrants on a publicly traded stock, resulting in a paper profit of approximately $4 million. Since Seneca is a "tax pass-through" entity, its shareholders are taxed on this profit whether or not they receive funds from Seneca.

16.    In February of 2007, Plaintiff filed a lawsuit against Omnicom in Federal Court in the Southern District of New York. That lawsuit seeks payment by Omnicom for the value of various stock options issued by Omnicom to Plaintiff.

17.    Immediately after the filing of that lawsuit, Omnicom instructed Neumann not to make any further shareholder distributions to Plaintiff.

18.    Since that time, Neumann has wrongfully refused to make any distributions to Plaintiff.

19.    Seneca's Restated Organizational and Operating Agreement ("Seneca Operating Agreement") dated as of March 31, 2004 explicitly requires the distribution of available cash to shareholders.

20.    The Seneca Operating Agreement specifically states in Section 2.2:

Distributions of available cash for any Fiscal Year shall be made to the Stockholders in accordance with the number of Common Shares held by each.

21.    In addition, Section 2.1(b) of the Seneca Operating Agreement requires at a minimum that Seneca distribute a cumulative Tax Distribution to each shareholder to cover their tax liability.

22.    Plaintiff, as Seneca's CEO, has explicitly and repeatedly instructed Neumann to make shareholders' distributions of available cash.

23.    Neumann asked Plaintiff to obtain a legal opinion to the effect that shareholder distributions were required under the Seneca corporate documents.

24.    Plaintiff therefore, on behalf of Seneca, asked the law firm of Burke Mackay Warren and Serittella ("Burke Mackay) to review the Seneca corporate documents and issue their opinion.

25.    Burke Mackay conducted their review, and confirmed in a written opinion that the Seneca corporate documents require distribution of available cash to shareholders.

26.    Burke Mackay, with Neumann's approval, had represented Seneca on other matters as well.

27.    Plaintiff also asked Seneca's longstanding tax advisor for its opinion as to the requirements of the Seneca corporate documents regarding shareholders distributions.

28.    Those advisors, Farkouh, Furman & Faccio, confirmed to Seneca its interpretation of the Seneca corporate documents as calling for distribution to shareholders of all available cash.

29.    Currently, Seneca's only assets are cash, publicly traded stock and a single private investment. It has in its bank account in excess of $2,000,000 of cash.

30.    Seneca has no corporate need for the cash it holds. It has no paid employees, and pays no management or other fees. It has virtually no expenses or liabilities.

31.    Plaintiff's share of the Seneca cash is in excess of $800,000.

32.    Neumann has refused to distribute this amount to Plaintiff despite:

a.    Plaintiff's clear instructions to him to do so;

4

b.     the fact that Neumann made similar shareholder distributions in April and November of 2006;

c.     the unequivocal legal opinion of Burke Mackay, requested by Neumann, confirming that he is required to make that distribution;

d.     the unequivocal opinion of Seneca's longstanding tax advisor that Neumann is required to make that distribution; and

e.     the fact that Seneca has no requirement for such cash.

33.     In refusing to make a distribution to Plaintiff, Neumann is illegally conspiring with Omnicom to intimidate and harm Plaintiff because of Plaintiff's lawsuit against Omnicom seeking to recover the value of stock options.

## FIRST CAUSE OF ACTION
### (Breach of Fiduciary Duty)

34.     Plaintiff repeats and realleges the preceding paragraphs as though fully set forth herein.

35.     Defendant owes a fiduciary duty to Plaintiff as a result of his position as fellow owner of Seneca, director of Seneca and officer of Seneca.

36.     Defendant breached his fiduciary duties to Plaintiff by refusing to distribute any of Seneca's cash to its members.

37.     Defendant's breaches of fiduciary duty caused Plaintiff to sustain damages, including punitive damages, in an amount to be proven at trial, but not less than one million and three hundred thousand dollars ($1,300,000) plus interest.

5

## SECOND CAUSE OF ACTION
### (Breach of Contract)

38.    Plaintiff repeats and realleges the preceding paragraphs as though fully set forth herein.

39.    Plaintiff entered into a contract with the Defendant under which Defendant was required to distribute to the members of Seneca all available cash of Seneca.

40.    Defendant breached his contract with Plaintiff.

41.    Plaintiff has at all times fulfilled his obligations under the contract.

42.    Defendant's breach caused Plaintiff to incur damages in an amount to be determined at trial but no less than one million dollars ($1,000,000) plus interest.

## THIRD CAUSE OF ACTION
### (Breach of Implied Covenant of Good Faith and Fair Dealing)

43.    Plaintiff repeats and realleges the preceding paragraphs as though fully set forth herein.

44.    Plaintiff entered into a contract with the Defendant under which Defendant was required to distribute to the members of Seneca all available cash of Seneca.

45.    Defendant breached the implied covenant of good faith and fair dealing by conspiring with Omnicom to prevent the distribution of Seneca's cash to Plaintiff.

46.    Plaintiff has at all times fulfilled his obligations under the contract.

47.    Defendant's breach caused Plaintiff to incur damages in an amount to be determined at trial but no less than one million dollars ($1,000,000) plus interest.

## FOURTH CAUSE OF ACTION
### (Conversion)

48.    Plaintiff repeats and realleges each and every allegation of the preceding paragraphs with the same force and effect as though fully set forth herein.

49.    Defendant intentionally and illegally interfered with Plaintiff's interest in the cash of Seneca.

50.    Defendant specifically interfered, *inter alia*, with Plaintiff's right to a distribution of the available cash of Seneca.

51.    Defendant's interference caused Plaintiff to suffer material damages.

52.    Accordingly, Plaintiff seeks and is entitled to damages, including punitive damages, in an amount to be determined at trial that is no less than one million and three hundred thousand dollars ($1,300,000) plus interest.

WHEREFORE, Plaintiff prays that this Court:

1.    Issue an injunction ordering Defendant to distribute to Plaintiff his pro-rata share of the available cash of Seneca.

2.    Grant judgment against Defendant and in favor of Plaintiff in an amount to be determined at trial, not less than eight hundred thousand dollars ($800,000) plus interest, and additional punitive damages in an amount to be determined at trial not less than five hundred thousand dollars ($500,000);

3.    Award Plaintiff the costs and disbursements of prosecuting this action, including reasonable attorneys' fees; and

4.    Order such other and further relief as this Court deems just and proper.


Dated: New York, New York
       April 24, 2007


LAW OFFICE OF WILLIAM COUDERT RAND


_William C. Rand, Esq._
711 Third Ave., Suite 1505
New York, New York 10017
Phone: (212) 286-1425; fax: 212-599-7909
Attorneys for Plaintiff Michael P. Tierney


8