UNITED STATES DISTRICT COURT      **TRIAL BY JURY DEMANDED**
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - x
                           :

MICHAEL P. TIERNEY,               :

                           :    07-cv-4090-BSJ

                  Plaintiff,  :

                           :

         -against-        :    **ANSWER**

                           :

GERARD A. NEUMANN,          :

                           :

                 Defendant.  :
- - - - - - - - - - - - - - - - - - - - - - - - - - x

        Defendant Gerard A. Neumann, by his attorneys Hughes Hubbard & Reed

LLP, for his answer and affirmative defenses to the complaint of Plaintiff Michael P.

Tierney ("Complaint") states:

        1.      Defendant admits the allegations of paragraph 1 of the Complaint,

except denies knowledge or information sufficient to form a belief as to the location of

Plaintiff's workplace.

        2.      Defendant admits the allegations of paragraph 2 of the Complaint.

        3.      Paragraph 3 of the Complaint states legal conclusions as to which

no answer is required.

        4.      Paragraph 4 of the Complaint states legal conclusions as to which

no answer is required.

        5.      Paragraph 5 of the Complaint states legal conclusions as to which

no answer is required.

        6.      Defendant denies the allegations of paragraph 6 of the Complaint,

except admits that Seneca Investments LLC ("Seneca") is a Delaware limited liability

company whose offices have at all times been in New York County, New York.

7.    Defendant admits the allegations of paragraph 7 of the Complaint.

8.    Defendant denies the allegations of paragraph 8 of the Complaint, except Defendant admits that certain class action litigation is pending against Omnicom and certain of its senior officers in the Southern District of New York and refers to the pleadings and papers in such litigation.

9.    Defendant admits the allegations of paragraph 9 of the Complaint.

10.    Defendant denies the allegations of paragraph 10 of the Complaint.

11.    Defendant denies the allegations of paragraph 11 of the Complaint, except admits that Seneca owed Omnicom a $24 million note.

12.    Defendant denies the allegations of paragraph 12 of the Complaint.

13.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Complaint.

14.    The first sentence of paragraph 14 of the Complaint states legal conclusions as to which no answer is required. Defendant admits the allegations of the second sentence and denies the allegations of the third sentence of paragraph 14 of the Complaint, except that Defendant admits that Seneca made shareholder distributions in April and November of 2006.

15.    Defendant admits the allegations of the first sentence of paragraph 15 of the Complaint. The second sentence of paragraph 15 of the Complaint states legal conclusions as to which no answer is required.

16.    Defendant denies the allegations of the first sentence of paragraph 16 of the Complaint, and further states, on information and belief, that Plaintiff filed the referenced lawsuit against Omnicom in December 2006. In response to the second

sentence of paragraph 16 of the Complaint, Defendant denies the Plaintiff's

characterization of the lawsuit and instead respectfully refers the Court to the record in

the referenced lawsuit.

17.    Defendant denies the allegations of paragraph 17 of the Complaint.

18.    Defendant denies the allegations of paragraph 18 of the Complaint.

19.    Defendant denies the allegations of paragraph 19 of the Complaint

and avers that paragraph 19 of the Complaint states legal conclusions as to which no

answer is required.  Plaintiff respectfully refers the Court to the Seneca Operating

Agreement and the other agreements between the parties for the content thereof.

20.    Defendant denies the allegations of paragraph 20 of the Complaint

and avers that paragraph 20 of the Complaint states legal conclusions as to which no

answer is required.  Defendant respectfully refers the Court to the Seneca Operating

Agreement and the other agreements between the parties for the content thereof.

21.    Defendant denies the allegations of paragraph 21 of the Complaint

and avers that paragraph 21 of the Complaint states legal conclusions as to which no

answer is required.

22.    Defendant denies the allegations of paragraph 22 of the Complaint,

except admits that Plaintiff has demanded that Defendant cause Seneca to distribute its

cash to Plaintiff.

23.    Defendant denies the allegations of paragraph 23 of the Complaint,

except admits that Defendant suggested to Plaintiff that a legal opinion from a qualified

independent counsel be sought as to the requirements of Seneca's corporate documents

regarding shareholder distributions.

24.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 of the Complaint.

25.    Defendant denies the allegations of paragraph 25 of the Complaint.

26.    Defendant denies the allegations of paragraph 26 of the Complaint, except admits that Burke MacKay has done legal work for Seneca in the past.

27.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27 of the Complaint.

28.    Defendant denies the allegations of paragraph 28 of the Complaint.

29.    Defendant admits the allegations of paragraph 29 of the Complaint.

30.    Defendant denies the allegations of paragraph 30 of the Complaint.

31.    Defendant denies the allegations of paragraph 31 of the Complaint.

32.    Defendant denies the allegations of paragraph 32 of the Complaint.

33.    Defendant denies the allegations of paragraph 33 of the Complaint.

34.    With respect to the allegations in paragraph 34 of the Complaint, Defendant repeats his responses to paragraphs 1 through 33, inclusive, as if fully set forth herein.

35.    Defendant denies the allegations of paragraph 35 of the Complaint.

36.    Defendant denies the allegations of paragraph 36 of the Complaint.

37.    Defendant denies the allegations of paragraph 37 of the Complaint.

38.    With respect to the allegations in paragraph 38 of the Complaint, Defendant repeats his responses to paragraphs 1 through 37, inclusive, as if fully set forth herein.

39.    Defendant denies the allegations of paragraph 39 of the Complaint and avers that paragraph 39 of the Complaint states legal conclusions as to which no answer is required.

40.    Defendant denies the allegations of paragraph 40 of the Complaint.

41.    Defendant denies the allegations of paragraph 41 of the Complaint.

42.    Defendant denies the allegations of paragraph 42 of the Complaint.

43.    With respect to the allegations in paragraph 43 of the Complaint, Defendant repeats his responses to paragraphs 1 through 42, inclusive, as if fully set forth herein.

44.    Defendant denies the allegations of paragraph 44 of the Complaint and avers that paragraph 44 of the Complaint states legal conclusions as to which no answer is required.

45.    Defendant denies the allegations of paragraph 45 of the Complaint.

46.    Defendant denies the allegations of paragraph 46 of the Complaint.

47.    Defendant denies the allegations of paragraph 47 of the Complaint.

48.    With respect to the allegations in paragraph 48 of the Complaint, Defendant repeats his responses to paragraphs 1 through 47, inclusive, as if fully set forth herein.

49.    Defendant denies the allegations of paragraph 49 of the Complaint.

50.    Defendant denies the allegations of paragraph 50 of the Complaint.

51.    Defendant denies the allegations of paragraph 51 of the Complaint.

52.    Defendant denies the allegations of paragraph 52 of the Complaint.

### FIRST AFFIRMATIVE DEFENSE

53.    The Complaint fails to state any claims upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

54.    Plaintiff's claims are barred in whole or in part by the ripeness doctrine.

### THIRD AFFIRMATIVE DEFENSE

55.    Plaintiff's claims are barred in whole or in part by paragraph 1.2(c) of the Seneca Operating Agreement.

### FOURTH AFFIRMATIVE DEFENSE

56.    Plaintiff's claims are barred in whole or in part by paragraph 6(d)(ix) of the Restated Charter of Seneca Investments LLC, dated March 31, 2004.

### FIFTH AFFIRMATIVE DEFENSE

57.    Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

58.    Plaintiff's claims are barred in whole or in part because at all times relevant to this action, Defendant acted in good faith.

### SEVENTH AFFIRMATIVE DEFENSE

59.    Plaintiff's claims are barred in whole or in part by the doctrines of waiver and estoppel.

### EIGHTH AFFIRMATIVE DEFENSE

60.    The damages for which Plaintiff seeks to hold Defendant liable were proximately caused by Plaintiff's own failure to use reasonable means to mitigate

damages, and/or resulted in whole or in part from Plaintiff's acts or omissions.  As such,

Plaintiff is not entitled to recovery.

### NINTH AFFIRMATIVE DEFENSE

61.    Defendant's performance of the obligations relied upon by Plaintiff

was excused by Plaintiff's prior breach of the relevant agreements.

### TENTH AFFIRMATIVE DEFENSE

62.    Plaintiff is not entitled to attorneys' fees and costs.

## REQUEST FOR RELIEF

Based upon these answers and affirmative defenses, Defendant respectfully requests that the Court enter a judgment as follows:

(a)    Dismissing Plaintiff's complaint in its entirety, on the merits, and with prejudice;

(b)    Denying Plaintiff's request for injunctive relief in its entirety;

(c)    Denying Plaintiff's request for damages, punitive damages, and attorneys' fees and costs;

(d)    Awarding Defendant attorneys' fees and costs; and

(e)    Awarding such other relief as the Court may find to be just and equitable.

DATED:    New York, New York
          May 29, 2007

Respectfully submitted,

HUGHES HUBBARD & REED LLP

By: _____
Christopher M. Paparella (CP 8881)
Jason A. Masimore (JM 8165)
One Battery Park Plaza
New York, New York  10004-1482
(212) 837-6000

*Attorneys for Defendant Gerard A. Neumann*

NY 1157013_1.DOC

## CERTIFICATE OF SERVICE

I hereby certify that on May 29, 2007, I caused the foregoing Answer to be electronically filed with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.  In addition, I caused the foregoing Answer to be mailed by United States Mail, first class postage prepaid, to Plaintiff's counsel:

William C. Rand, Esq.
LAW OFFICE OF WILLIAM COUDERT RAND
711 Third Ave., Suite 1505
New York, New York 10017


Jason A. Masimore