USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/1/07

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------

MICHAEL P. TIERNEY,

                      Plaintiff,

-against-

GERARD A. NEUMANN,

                      Defendant.

-----------------------------------------------------------

07 CV 04090 BSJ

Index No.: 07-CV-4090-BSJ

CONFIDENTIALITY
STIPULATION AND ORDER

        IT IS HEREBY STIPULATED AND AGREED, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, by and between counsel for the parties to the above-captioned action (the "Action"), subject to the approval of the Court, that the following Stipulation and Order shall govern the handling of documents and any deposition testimony, deposition exhibits, interrogatory responses, admissions, and any other information produced or given by a party or non-party to this Action in connection with discovery in the Action (such information is hereinafter referred to as "Discovery Material").

        1.    Discovery Material, or information derived therefrom, shall be used solely for prosecution or defense of this Action, including the appellate process, and shall not be used for any other purpose.

        2.    For purposes of this Stipulation and Order, "Confidential Information" means any document, testimony, or information that the producing party in good faith designates as "Confidential" and represents to be confidential within the meaning of the Federal Rules of Civil Procedure and any applicable case law. Confidential Information shall not include unaltered copies of any documents in the public domain, including but not limited to annual, quarterly, or other reports or documents sent to shareholders, press releases, and

public documents filed with the Securities and Exchange Commission ("SEC") and shall not include documents filed in other court actions which are not filed under seal. For purposes of this Order, the term "document" shall have the meaning set forth in Local Civil Rule 26.3(c)(2), and shall include all written, electronic, recorded, or graphic material, whether produced or created by a party or another person, and whether produced pursuant to Rule 34, subpoena, by agreement, or otherwise.

    3. Confidential Information may be disclosed only to those persons identified in paragraph 7 below. All persons receiving Confidential Information shall be bound by the terms hereof. If any person violates or threatens to violate any of the terms hereof, the aggrieved party may seek any appropriate relief in this Court.

    4. Any party or non-party may designate documents that are produced as Confidential Information by (a) stamping each page containing Confidential Information with the legend "Confidential" before that page is produced, or (b) separate written notification of such designation, which may be sent within ten business days after the later of (i) production or (ii) the entry of this Stipulation and Order.

    5. Any portion of deposition testimony, portions of the information contained therein, or exhibits thereto, may be designated as Confidential Information by the counsel of record for the designating party either (i) at the deposition, by making a statement for inclusion in the deposition transcript of the beginning and end of testimony containing Confidential Information, or (ii) on or before ten calendar days after receipt of the transcript, by making a notation on the transcript of the deposition of the page and line numbers containing Confidential Information and providing these designations in writing to the court reporter and all other counsel, each of whom shall mark the cover page of the transcript and each page

containing Confidential Information "CONFIDENTIAL" and ensure that the marking is included in each copy that the individual makes of the transcript. Until the expiration of such ten-day period with respect to any deposition transcript, all deposition testimony and transcripts, and any information contained therein, or exhibits thereto, shall be deemed to be Confidential Information and treated as if so designated.

6. Responses to document requests, interrogatories and requests for admission may be designated "Confidential" by (a) so indicating in the response or (b) by separate written notification of such designation within ten business days of the service of the response.

7. Any party receiving Confidential Information may disclose or make available such information only to the following persons:

(a) this Court (and any appellate court), including court personnel, jurors and alternate jurors;

(b) the named parties to this Action and their insurers, counsel to their insurers, counsel to the parties to this Action, and the paralegal, clerical, secretarial, and other staff employed or retained by such counsel;

(c) any shareholder of Seneca Investments LLC or any member of its board of directors;

(d) court reporters;

(e) any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper or by agreement of the parties;

(f) outside vendors or service providers, such as litigation support services;

(g) deponents and trial witnesses and any other witness or potential witness (and their counsel) to whom a party believes in good faith that such disclosure will further the prosecution or defense of this Action, provided that prior to the disclosure to such persons of any Confidential Information, counsel for the party proposing to make such disclosure shall deliver a copy of this Stipulation and Order to such person (and his or her counsel), and shall explain its terms to such person, including specifically the obligations imposed by paragraph 3;

3

(h) outside experts, advisors, or consultants retained by counsel to any party to this Action, provided that prior to the disclosure to such persons of any Confidential Information, counsel for the party proposing to make such disclosure shall deliver a copy of this Stipulation and Order to such person, and shall explain its terms to such person. Before any such expert, advisor or consultant is given access to Confidential Information, he or she shall be required to agree, in a written and signed certification in the form of Exhibit A hereto, to be bound by the terms of the Stipulation and Order. Counsel for the party disclosing the Confidential Information pursuant to this subparagraph shall be responsible for maintaining the executed certifications;

(i) any mediator or arbitrator engaged by the parties to this Action, or appointed by the Court; and

(j) anyone else who legitimately obtained Confidential Information apart from this Action.

8. All persons who have received Confidential Information shall take reasonable steps to safeguard such information so as to avoid its disclosure to persons who are not eligible to receive it.

9. Any party to the Action to whom information designated "Confidential" is produced may object at any time during the pendency of the Action to the designation of "Confidential." The objection shall be made in writing to counsel for the designator. Counsel shall confer in good faith in an effort to resolve any dispute concerning such designation. If the objection cannot be resolved by agreement within ten business days of the date of service of the objection, the objecting party may then move the Court for appropriate relief. The designator shall have the burden of proof concerning confidentiality. Any opposition to such motion will be filed within ten business days of such motion. In the event of such motion, all materials whose designation is so objected to shall continue to be treated as Confidential Information until the Court rules to the contrary.

4

10. No party to this Action concedes that any documents or information designated as "Confidential" actually is Confidential.

11. When affidavits, briefs, memoranda or other documents containing or disclosing Confidential Information are filed with the Court, they shall be placed in sealed envelopes or other appropriately sealed containers, bearing the caption of the action and a notation to the effect that the information contained therein is Confidential and is subject to this Stipulation and Order, which shall be filed under seal and kept under seal until further order of the Court.

12. Nothing herein shall prevent any party or third party who has received Confidential Information pursuant to this Stipulation (the "Receiver") from producing such Confidential Information in response to a lawful subpoena or other compulsory process, provided that any party or third party receiving such subpoena or process shall promptly give notice thereof to the designator by facsimile by indicating that Confidential Information is sought and furnishing the designator with a copy of the subpoena or other compulsory process so as to afford the designator a reasonable opportunity to seek a protective order. The party from whom disclosure is sought will respond reasonably to any inquiry by the designator regarding the scope of the intended disclosure. If the designator moves for a protective order, the Receiver shall not thereafter produce such Confidential Information except pursuant to a court order requiring compliance with the subpoena or other compulsory process.

13. Nothing herein shall prevent any party from (a) making whatever use of its own Confidential Information that it wishes, or (b) presenting Confidential Information to the original recipient or author of such Confidential Information.

5

14. If Confidential Information is produced pursuant to subpoena or other compulsory process, it shall continue to be treated as Confidential Information by all persons subject to this Protective Order unless and until this Court otherwise directs.

15. Entering into, agreeing to and/or producing Confidential Information or otherwise complying with the terms of this Stipulation and Order shall not prejudice in any way the rights of the parties (a) to object to the production of documents they consider not subject to discovery, or operate as an admission by any party that the restrictions and procedures set forth herein constitute adequate protection for any particular information deemed by any party to be Confidential Information; or (b) to petition the Court for a further protective order relating to any purportedly Confidential Information.

16. Subject to the Federal Rules of Evidence, Confidential documents and material may be offered in evidence at trial or any court hearing. Any person may move for an Order that the proffered evidence be received in camera or under conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as confidential and, if so, what protection, if any, shall be afforded at the trial or hearing. If a document or material designated for confidential treatment is offered in evidence at trial, the legend so designating the document or material shall not appear on the copy received in evidence if no motion is made to limit disclosure of such document or material or if such a motion is made and then denied by the Court. The designator shall bear the costs of providing an undesignated copy of such document or a redacted copy of such document for use at trial.

17. Any party may apply to the Court for an order modifying this Stipulation and Order. This Stipulation and Order may also be modified with the consent of all parties hereto or may be modified by the Court.

18. The inadvertent failure to designate documents or other material as "Confidential" at the time of production shall not waive a party's right to later designate such documents or material as Confidential. However, no party shall be deemed to have violated this Order if, prior to any later designation, such document or material has been disclosed or used in a manner inconsistent with such later designation. Once such a designation has been made, the relevant documents or material shall be treated as Confidential in accordance with this Order.

19. Within ninety days after a judgment in or dismissal or other resolution of this Action become final and nonappealable, upon written request of the producing party that designated Confidential Information, the attorneys for each party who received the Confidential Information shall (a) return to the requesting party the Confidential Information produced by such person or (b) destroy all documents containing Confidential Information (including all copies of Confidential Information and documents containing Confidential Information made by the recipient and other persons to whom the recipient disclosed Confidential Information), and (c) upon request, provide a certification of compliance with this paragraph. Counsel for the parties may, however, retain court papers, deposition, hearing and trial transcripts and attorney work product (including Confidential Information that is referred to or attached to any attorney work product), but any Confidential Information contained in such materials shall continue to be subject to the terms of this Order.

20. In the event additional parties join or are joined in this Action, they shall be fully bound by this Order.

21. This Stipulation and Order shall apply with equal force to any Discovery Material produced by any non-party to this Action. Non-parties may avail themselves of the protections of this Order, and may designate materials produced by them as Confidential Information.

22. This Stipulation and Order shall be effective immediately and shall survive the conclusion of this litigation.

23. The attorneys of record are responsible for employing reasonable measure to control, consistent with this Order, duplication of, access to, and distribution of copies of Confidential Information.

Dated: September 28, 2007

_____
William Coudert Rand
Law Office of William Coudert Rand
711 Third Avenue, Suite 1505
New York, New York 10017-4056
Tel. (212) 286-1425

*Attorney for Plaintiff*
*Michael P. Tierney*

_____
Christopher M. Paparella
Jason A. Masimore
Hughes Hubbard & Reed LLP
One Battery Park Plaza
New York, New York 10004
Tel. (212) 837-5804

*Attorneys for Defendant*
*Gerard A. Neumann*

SO ORDERED.

Dated: 10/1/07

_____
Hon. James C. Francis
United States Magistrate Judge

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MICHAEL P. TIERNEY,

                Plaintiff,

-against-

GERARD A. NEUMANN,

                Defendant.

Index No.: 07-CV-4090-BSJ

### AGREEMENT TO BE BOUND BY STIPULATION AND ORDER

    1.    I hereby certify my understanding that Discovery Material is being provided to me pursuant to the terms and restrictions of the Stipulation and Order executed by the parties on September __, 2007 in the above-captioned action (the "Action").

    2.    I have read the Stipulation and Order and understand its terms.

    3.    I agree to be fully bound by, and abide by, the Stipulation and Order, and I hereby submit to the jurisdiction of the United States District Court for the Southern District of New York for purposes of enforcement of the Stipulation and Order or any action arising from or related to the Stipulation and Order.

    4.    I understand that violation of the Stipulation and Order may result in sanctions imposed by the Court.

Dated: _____

                              Signature: _____

                              Name (Printed): _____

                              Title & Company _____

                              _____