William C. Rand, Esq.
LAW OFFICE OF WILLIAM COUDERT RAND
711 Third Ave., Suite 1505
New York, New York  10017
(Phone) (212) 286-1425; (Fax)(212) 599-7909
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
MICHAEL P. TIERNEY,                                  :          07 Civ. 4090 (BSJ)
                                                     :
                          Plaintiff,                 :
                                                     :
   -against-                                         :
                                                     :
GERARD A. NEUMANN,                                   :
                                                     :
                          Defendant.                 :
                                                     :
-----------------------------------------------------------------------X

## EXHIBIT A

## TO

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

## (THE COMPLAINT)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------x
MICHAEL P. TIERNEY,                              : Index No. 07-601356
               Plaintiff,                         :
                                                 : **COMPLAINT**
   -against-                                   :
GERARD A. NEUMANN,                          :
               Defendant.                         :
------------------------------------------------------------x

NEW YORK COUNTY CLERK'S OFFICE
APR 2 4 2007
NOT COMPARED WITH COPY FILE

     Plaintiff Michael P. Tierney ("Tierney" or "Plaintiff") alleges upon personal knowledge as to himself and his own acts and upon information and belief as to all other matters for his Complaint against Gerard A. Neumann ("Defendant") as follows:

### THE PARTIES

    1.    Plaintiff Michael P. Tierney is a resident of the State of Connecticut, with his workplace in New York County, New York.

    2.    Defendant Gerard A. Neumann is a resident of the State of New Jersey with his workplace in New York County, New York.

    3.    The causes of action stated herein arose in New York County.

    4.    Venue is proper in New York County under CPLR Section 503 because neither the Plaintiff nor the Defendant resides in New York State.

    5.    Jurisdiction is proper in New York County because the events giving rise to the causes of action took place here and because the parties are bound by the Restated Organization and Operating Agreement of Seneca Investments LLC, which provides for the exclusive jurisdiction of the courts located in New York County.

## FACTUAL ALLEGATIONS

6. Seneca Investments LLC ("Seneca") is a Delaware limited liability company formed by Omnicom Group Inc. on May 2, 2001. At all times its offices have been in New York County, New York.

7. Omnicom Group Inc. ("Omnicom") is a large publicly traded company engaged in the advertising business.

8. The formation of Seneca is the subject of a large federal securities fraud litigation against Omnicom and certain of its senior officers in the Southern District of New York. None of Seneca, Plaintiff or Neumann is a party in that securities fraud litigation.

9. At all times since May 2, 2001, Plaintiff has been the Chief Executive Officer of Seneca, and Neumann has been the Chief Financial Officer of Seneca. They are Seneca's only two officers.

10. Neumann controls all Seneca's bank accounts and cash distributions to shareholders.

11. On March 31, 2004, Omnicom restructured the ownership of Seneca so that its equity was beneficially owned 40% by Omnicom, 40% by Plaintiff and 20% by Neumann. As a result of that restructuring, Seneca also owed Omnicom a $24 million note ("Note").

12. At that point, Omnicom asked Plaintiff and Neumann to liquidate all Seneca's assets on reasonable terms and use the proceeds to repay the $24 million Note to Omnicom, and then to distribute any remaining amounts to the shareholders.

13. Sometime in 2004, Omnicom transferred all of its financial interest in the equity of Seneca to the Wharton Business School at the University of Pennsylvania.

14. Seneca proceeded to liquidate its assets on reasonable terms. By April of 2006, Seneca had repaid all of the $24 million Note to Omnicom. Defendant Neumann made shareholder distributions in April and November of 2006.

15. In January of 2007, Seneca exercised warrants on a publicly traded stock, resulting in a paper profit of approximately $4 million. Since Seneca is a "tax pass-through" entity, its shareholders are taxed on this profit whether or not they receive funds from Seneca.

16. In February of 2007, Plaintiff filed a lawsuit against Omnicom in Federal Court in the Southern District of New York. That lawsuit seeks payment by Omnicom for the value of various stock options issued by Omnicom to Plaintiff.

17. Immediately after the filing of that lawsuit, Omnicom instructed Neumann not to make any further shareholder distributions to Plaintiff.

18. Since that time, Neumann has wrongfully refused to make any distributions to Plaintiff.

19. Seneca's Restated Organizational and Operating Agreement ("Seneca Operating Agreement") dated as of March 31, 2004 explicitly requires the distribution of available cash to shareholders.

20. The Seneca Operating Agreement specifically states in Section 2.2:

> Distributions of available cash for any Fiscal Year shall be made to the Stockholders in accordance with the number of Common Shares held by each.

21. In addition, Section 2.1(b) of the Seneca Operating Agreement requires at a minimum that Seneca distribute a cumulative Tax Distribution to each shareholder to cover their tax liability.

22. Plaintiff, as Seneca's CEO, has explicitly and repeatedly instructed Neumann to make shareholders' distributions of available cash.

23. Neumann asked Plaintiff to obtain a legal opinion to the effect that shareholder distributions were required under the Seneca corporate documents.

24. Plaintiff therefore, on behalf of Seneca, asked the law firm of Burke Mackay Warren and Serittella ("Burke Mackay) to review the Seneca corporate documents and issue their opinion.

25. Burke Mackay conducted their review, and confirmed in a written opinion that the Seneca corporate documents require distribution of available cash to shareholders.

26. Burke Mackay, with Neumann's approval, had represented Seneca on other matters as well.

27. Plaintiff also asked Seneca's longstanding tax advisor for its opinion as to the requirements of the Seneca corporate documents regarding shareholders distributions.

28. Those advisors, Farkouh, Furman & Faccio, confirmed to Seneca its interpretation of the Seneca corporate documents as calling for distribution to shareholders of all available cash.

29. Currently, Seneca's only assets are cash, publicly traded stock and a single private investment. It has in its bank account in excess of $2,000,000 of cash.

30. Seneca has no corporate need for the cash it holds. It has no paid employees, and pays no management or other fees. It has virtually no expenses or liabilities.

31. Plaintiff's share of the Seneca cash is in excess of $800,000.

32. Neumann has refused to distribute this amount to Plaintiff despite:

   a. Plaintiff's clear instructions to him to do so;

b. the fact that Neumann made similar shareholder distributions in April and November of 2006;

c. the unequivocal legal opinion of Burke Mackay, requested by Neumann, confirming that he is required to make that distribution;

d. the unequivocal opinion of Seneca's longstanding tax advisor that Neumann is required to make that distribution; and

e. the fact that Seneca has no requirement for such cash.

33. In refusing to make a distribution to Plaintiff, Neumann is illegally conspiring with Omnicom to intimidate and harm Plaintiff because of Plaintiff's lawsuit against Omnicom seeking to recover the value of stock options.

### FIRST CAUSE OF ACTION
### (Breach of Fiduciary Duty)

34. Plaintiff repeats and realleges the preceding paragraphs as though fully set forth herein.

35. Defendant owes a fiduciary duty to Plaintiff as a result of his position as fellow owner of Seneca, director of Seneca and officer of Seneca.

36. Defendant breached his fiduciary duties to Plaintiff by refusing to distribute any of Seneca's cash to its members.

37. Defendant's breaches of fiduciary duty caused Plaintiff to sustain damages, including punitive damages, in an amount to be proven at trial, but not less than one million and three hundred thousand dollars ($1,300,000) plus interest.

## SECOND CAUSE OF ACTION
### (Breach of Contract)

38. Plaintiff repeats and realleges the preceding paragraphs as though fully set forth herein.

39. Plaintiff entered into a contract with the Defendant under which Defendant was required to distribute to the members of Seneca all available cash of Seneca.

40. Defendant breached his contract with Plaintiff.

41. Plaintiff has at all times fulfilled his obligations under the contract.

42. Defendant's breach caused Plaintiff to incur damages in an amount to be determined at trial but no less than one million dollars ($1,000,000) plus interest.

## THIRD CAUSE OF ACTION
### (Breach of Implied Covenant of Good Faith and Fair Dealing)

43. Plaintiff repeats and realleges the preceding paragraphs as though fully set forth herein.

44. Plaintiff entered into a contract with the Defendant under which Defendant was required to distribute to the members of Seneca all available cash of Seneca.

45. Defendant breached the implied covenant of good faith and fair dealing by conspiring with Omnicom to prevent the distribution of Seneca's cash to Plaintiff.

46. Plaintiff has at all times fulfilled his obligations under the contract.

47. Defendant's breach caused Plaintiff to incur damages in an amount to be determined at trial but no less than one million dollars ($1,000,000) plus interest.

4.  Order such other and further relief as this Court deems just and proper.

Dated: New York, New York
April 24, 2007

                LAW OFFICE OF WILLIAM COUDERT RAND

                */s/ Will. R*
                _____
                William C. Rand, Esq.
                711 Third Ave., Suite 1505
                New York, New York 10017
                Phone: (212) 286-1425; fax: 212-599-7909
                Attorneys for Plaintiff Michael P. Tierney