# EXHIBIT 2

| | |
|---|---|
| **From:** | Dara Akbarian <dara.akbarian@gmail.com> |
| **Sent:** | Thursday, September 27, 2007 7:17 PM (GMT) |
| **To:** | Michael Tierney <mtierney@senecainvestments.com> |
| **Subject:** | Fwd: Please see attached |
| **Attach:** | Scan001.PDF |

---------- Forwarded message ----------
From: **Dara =kbarian** <Dara.Akbarian@omnicomgroup=com>
Date: Sep 27, 2007 2:57 PM
Subject: Please see attached
To: =ichael Tierney <mtierney@senecainvestments=com>, Jerry Neumann < ganeumann@gmail.com>
Cc: dara.akbarian@gmail.com

# Omnicom Group Inc.

Dara Akbarian
VP Finance

September 27, 2007

Mr. Michael P. Tierney
Seneca Investments LLC
45 Rockefeller Plaza, Suite 2000
New York NY 10111

Dear Michael:

I write in response to your letter of September 5, 2007. My position with respect to the issues addressed to me is as follows. For convenience, I have followed the numbering sequence in your letter.

**Seneca Financial Status**

This item is not applicable.

**Seneca Taxes**

1. It is my understanding that Sauvigne & Co. has been appointed to handle Seneca's tax filings.

2. It is my understanding that the 2004 and 2005 tax returns for Seneca are incorrect and must be amended and refiled.

3. It is my understanding that there has been no transfer of Seneca equity by Omnicom to Wharton Business School. Also, I am not aware of any claim by PGNT against Omnicom. Further, in my view, any claims that may arise between Omnicom and PGNT are not a matter requiring Seneca's involvement. If you think that Seneca should be involved in any such claims, please advise as to your reasoning.

4. Seneca has made cash distributions to certain of its shareholders. In my view, these distributions were not authorized by the Board and should be returned to Seneca immediately. Again, if there is a dispute between Omnicom and PGNT as to distributions or any other matter, Seneca should not be involved in that dispute. If any distributions are properly authorized by the Board in the future, Seneca should make those distributions pro rata to its shareholders (including Omnicom).

Mr. Michael P. Tierney
Page Two.

## Operations

1. I have posed a number of questions in the past regarding Taleo and its prospects and would be happy to discuss the issue once answers are received.

2. It is important to note that Seneca's formation documents do not provide for the liquidation of Seneca until 2014. My view is that Seneca is and has been focused on making investments in the internet marketing space. This has been and continues to be an exciting area, and I believe there are additional opportunities that could be identified, researched and invested in.

3. I would like an update from management on Seneca's investment in, and the financial results and prospects of, MediaSpace Solutions.

4. It is my understanding that in 2004, Omnicom agreed to management's request to modify the mix of their compensation from a package consisting primarily of cash to a package with a more significant focus on equity appreciation. It is also my understanding that as a result of Seneca's equity position in Taleo, you have personally benefited from a highly compensated position on the Board of Taleo. After taking into account the aggregate compensation you have received from Seneca, including cash compensation, the equity value of your interest in Seneca, and the board fees you receive from Taleo, it is frankly perplexing for you to now imply that you have not been and are not being more than fairly compensated for the effort you have committed to Seneca. If, as I suggest below, the board decides that Seneca needs new management, I would be prepared to discuss the appropriate compensation for such new management.

## Seneca Legal Fees

1 a. This question is addressed to Jerry Neumann.

b. I understand Omnicom's position is that Seneca's legal fees are not covered by the May 2, 2001 indemnity from Omnicom.

c. As you know, I have suggested that Seneca retain independent counsel in the past for such issues as the appropriateness of cash distributions and you have resisted this notion. If you have changed your position in this, I am willing to discuss the retention of independent counsel to review all the relevant issues.

d. This is not needed at this time.

2. With respect to the securities litigation, discovery is essentially complete. As such, it seems unnecessary to incur the expense of retaining additional counsel.

3. With respect to the recusal question, I am not aware that any actual proposals requiring a board vote are pending. I will review any actual recusal issues when and if they are presented on a case by case basis.

Mr. Michael P. Tierney
Page Three.

### Additional Recommendations

Given the obvious and numerous conflicts and lawsuits that have developed between members of management and between members of management and certain shareholders, I am very concerned that maintaining the status quo may cause harm to Seneca and its shareholders. As such, I recommend that the Board consider recruiting new management for Seneca.

Very truly yours,

Dara Akbarian


cc: Jerry Neumann