# EXHIBIT 3

Page 1

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

MICHAEL P. TIERNEY,

                    Plaintiff,

                              Case No.

         -against-

GERARD A. NEUMANN,

                    Defendant.

------------------------------------x



                  June 12, 2008
                  9:55 a.m.

    Deposition of MICHAEL P. TIERNEY, taken by

Defendant, pursuant to notice, at the offices of

Hughes, Hubbard & Reed, LLP, One Battery Park

Plaza, New York, New York, before SUZANNE

PASTOR, a Shorthand Reporter and Notary Public

within and for the State of New York.

1              MICHAEL P. TIERNEY

2        Q.        You've seen instructions from

3   Omnicom to Neumann not to make any further

4   shareholder distributions to you, haven't you?

5        A.        I would like to review those again

6   in view of the denial.

7        Q.        By "again," that means you've seen

8   them before, is that correct?

9        A.        I've seen documents which I thought

10  reflected instructions not to make shareholder

11  distributions.  But since Mr. Neumann's denied

12  it, I may have misread them.

13        Q.        Anything else with respect to the

14  complaint?

15        A.        On 18 it says, "Since that time,

16  Neumann has wrongfully refused to make any

17  distributions to plaintiff."  In December of

18  2007, Neumann wrote me an e-mail stating that

19  the Seneca documents required distribution, and

20  that he and I should determine the amount of

21  "excess cash" so the board could approve a

22  distribution.

23        Q.        Does that change the allegation of

24  paragraph 18?

25        A.        I would add that to paragraph 18.

1          MICHAEL P. TIERNEY

2          Q.      Do you see that they hereby demand

3    that Mr. Tierney cause the distributed funds to

4    be returned to Seneca immediately and with

5    interest?  Do you see that at the bottom of the

6    second paragraph?

7          A.      I do.

8          Q.      And do you see where it says,

9    "Omnicom does not consent to any future payments

10   or distributions of Seneca's funds, assets or

11   securities"?

12         A.      I do.

13         Q.      So as of February 16th, 2007,

14   Omnicom is instructing Seneca not to make any

15   distributions, correct?

16         A.      As of that date, yes.

17         Q.      And from that date forward,

18   correct?

19         A.      Incorrect.

20         Q.      Doesn't it say Omnicom does not

21   consent to any future payments or distributions?

22         A.      That's what it says here.  But

23   subsequently they changed their mind,

24   apparently.

25         Q.      But this letter from February 16th,

1                    MICHAEL P. TIERNEY

2    2007 says that they don't consent to any future

3    payments or distributions.

4         A.        That's what this letter says,

5    correct.

6         Q.        And did you understand that to mean

7    at the time that Omnicom didn't consent to

8    future payments or distributions of Seneca's

9    funds?

10        A.        I did.

11        Q.        Now, keep Exhibit 11 there.  I'm

12   going to refer to the last page again, which is

13   this notice of special meeting that's being

14   called by Omnicom.  Do you see that?

15        A.        I do.

16                            (Defendant's Exhibit 12 for

17   identification, February 21, 2007 Memorandum to

18   Omnicom Group and PGNT Management.)

19        Q.        I'm going to give you Exhibit 12.

20   Do you have Exhibit 12 in front of you?

21        A.        I do.

22        Q.        And this is a letter from you on

23   Seneca letterhead to Omnicom Group and, among

24   others, Jerry Neumann, correct?

25        A.        Correct.

Page 309

1                    MICHAEL P. TIERNEY

2        Q.        And it's dated February 21, 2007.

3        A.        Correct.

4        Q.        Here you're postponing the special

5    shareholders meeting that Omnicom had called,

6    correct?

7        A.        Correct.

8                           (Defendant's Exhibit 13 for

9    identification, February 16, 2007 Letter to Mr.

10   Tierney, Production number GN 0807.)

11       Q.        Do you have Exhibit 13 in front of

12   you?

13       A.        I do.

14       Q.        This is a letter, is it not, from

15   Omnicom Group, Inc. to Michael Tierney dated

16   February 16, 2007, correct?

17       A.        Correct.

18       Q.        You received this, didn't you?

19       A.        I did.

20       Q.        And this says that "the restated

21   charter unequivocally precludes you, acting on

22   behalf of Seneca, from paying or distributing

23   any of Seneca's funds, assets or securities

24   without Omnicom's prior written consent."  Do

25   you see that?

MICHAEL P. TIERNEY

A.     I do.

Q.     Do you see, again, "Omnicom does not consent to any future payments or distributions of Seneca's funds, assets or securities"?  Do you see that?

A.     I do.

Q.     What did you understand that to mean on February 16th, 2007?

A.     That Omnicom did not consent to any future payments or distributions of Seneca's funds, assets or securities.

Q.     And after this letter, you instructed Mr. Neumann to make payments or distributions to you, didn't you?

A.     To all shareholders.

Q.     Are you a shareholder?

A.     Yes.

Q.     So the answer to my question was yes.

A.     It was an incomplete question.

MR. RAND:  Objection.

Q.     After this letter you instructed Mr. Neumann to distribute cash to you.

A.     After this letter, on multiple