# EXHIBIT 4

```
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------X
PGNT MANAGEMENT LLC,                    : Index No. 100065/08
                                        :
                Plaintiff,              : Honorable
                                        : Helen E. Freedman
        -against-                       :
                                        :
OMNICOM GROUP INC.                      :
                                        :
                Defendant,              :
-------------------------------------------------------------X
```

### SUPPLEMENTAL AFFIDAVIT OF MICHAEL TIERNEY IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

```
STATE OF NEW YORK       )
                        ) ss.
COUNTY OF NEW YORK      )
```

MICHAEL TIERNEY, being duly sworn, under penalty of perjury, deposes and says:

1. I, Michael Tierney submit this supplemental affidavit in opposition to Defendant's motion to dismiss and motion for summary judgment.

2. I have read the affidavit of Randall J. Weisenburger dated June 9, 2008 (the "Weisenburger Affidavit"), in which he claims that the documents attached to his affidavit as Exhibits 1 and 2 (the "Wharton Transaction") represent nothing more than a "charitable pledge" of cash. He also says the Wharton Transfer did not transfer "rights connected to ... Seneca's common stock". (Weisenburger Affidavit ¶¶ 4, 14.)

3. At all relevant times, I was the Chief Executive Officer and a board member of Seneca Investments LLC ("Seneca"). The foregoing statements of Mr. Weisenburger are inaccurate. (I address these and other misstatements of Mr. Weisenburger below.)

12. Seneca repeatedly tried to make shareholder distributions. Commencing in early 2007, however, Omnicom repeatedly insisted to Seneca's Chief Financial Officer, Jerry Neumann, and to me, Seneca's Chief Executive Officer, that Seneca was not to make any distributions from Seneca to any shareholder.

13. Omnicom instructed Seneca not to make any shareholder distributions in 2007 despite the facts that:

   a. Seneca at the time had over $2,000,000 in cash, and virtually no expenses;

   b. Seneca had over $35,000,0000 in marketable securities in the form of common shares in a publicly traded company called Taleo, Inc. (TLEO:NASDAQ); and

   c. Omnicom had contractually undertaken in the Wharton Transaction to pay to Wharton all of its Seneca shareholder distributions. Its explicit instructions to Seneca not to make such distributions thus clearly disadvantaged Wharton for only one possible reason – to advantage Omnicom.

14. Indeed, Exhibit 3 to the Weisenburger Affidavit shows that Omnicom was simultaneously deceiving Wharton and Seneca, in both cases for its own gain.

allegedly amending the Wharton Transaction, for the first time in this action, years after they were executed.

41.     Omnicom's furtiveness and non-disclosure regarding the Wharton Transaction lead me to believe that it may have entered into other transactions, agreements and communications involving its Seneca common stock, with Wharton and/or others, without informing PGNT, Seneca or me.

_____
Michael Tierney

Sworn to before me this 24th day of June, 2008

_____
Notary Public

11