William C. Rand, Esq.
LAW OFFICE OF WILLIAM COUDERT RAND
711 Third Ave., Suite 1505
New York, New York  10017
(Phone) (212) 286-1425; (Fax)(212) 599-7909
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MICHAEL P. TIERNEY,                                  :        07 Civ. 4090 (BSJ)
                                                     :
                      Plaintiff,          :
                                                     :
         -against-                                  :
                                                     :
GERARD A. NEUMANN,                                   :
                                                     :
                      Defendant.          :
------------------------------------------------------------------------X


## EXHIBIT B

## TO THE

## DECLARATION OF WILLIAM C. RAND IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND THE COMPLAINT HEREIN

**LAW OFFICE OF WILLIAM COUDERT RAND**
711 Third Ave., Suite 1505
New York, New York 10017
(Phone) 212-286-1425; (Fax) 212-599-7909
email: wcrand@wcrand.com

VIA FAX 212-805-7930

June 4, 2008

Magistrate Judge James C. Francis
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007-1312
Phone: 212-805-0206; Fax 212-805-7930

MEMO ENDORSED

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/12/08

Re: Michael P. Tierney v. Gerard A. Neumann,
Case No. 07 CV 04090 (BSJ) (S.D.N.Y.)

Dear Judge Francis:

I represent Plaintiff Michael Tierney and am writing, pursuant to the Court's Rule 37.2, to request a conference with the Court to consider the parties' discovery disputes related to:

(a) Defendant's refusal to produce documents related to Neumann's dispute with Omnicom and documents related to Neumann's sale of his ownership interest in Seneca Investments LLC ("Seneca") to Omnicom on the grounds that they are documents concerning an alleged settlement between Defendant Neumann and Omnicom Group, Inc. ("Omnicom"); and

(b) Defendants' refusal to produce documents concerning communications between Neumann and Omnicom on the grounds that they are protected under the common interest privilege.

This action is an action seeking damages from Defendant Neumann for breach of his fiduciary duties as a director and officer of Seneca by his intentional refusal to distribute available cash from Seneca to its owners. Seneca's beneficial owners at the commencement of the suit were Plaintiff Tierney, Defendant Neumann and Omnicom. The Complaint alleges, and Defendant admits, that Neumann made shareholder distributions in 2006, and then suddenly stopped in 2007 due to the alleged instructions of Omnicom not to make any distributions.

Recently, Plaintiff was informed that Neumann had resigned as an officer and director of Seneca, and that he had sold his ownership interest in Seneca to Omnicom for an undisclosed amount of money. Neumann asserts that this transaction was some sort of "settlement" of unspecified claims which Omnicom had made against Neumann relating to Neumann's actions or inactions as a director and officer of Seneca. Neumann has refused to produce any such documents however, arguing that, because they relate to an alleged "settlement," they are not discoverable.

First, we question whether in fact the transaction documents which Neumann is trying to hide indeed constitute any sort of settlement. We know nothing except Neumann's bald

Hon. James C. Francis
June 2, 2008
Page 2 of 6

assertion that there was a "settlement." Second, even if the documents reflect a settlement, it is well established that they are discoverable if they may lead to relevant evidence. Here, the claims asserted by Omnicom against Neumann, his defenses against such claims, and documentation reflecting a "settlement" of such claims are likely to be directly relevant to Plaintiff's claims in the present action.

**Failure to Produce Documents concerning Alleged Dispute between Neumann and Omnicom and Documents concerning Neumann's Sale of his Ownership Interest in Seneca to Omnicom, based on an alleged Settlement Privilege**

Although Neumann made numerous objections to Tierney's First Document Requests and produced a limited number of documents on March 17, 2008, Neumann has refused to produce, *inter alia*, documents related to Neumann's alleged dispute with Omnicom that allegedly resulted in Omnicom's purchase of Neumann's interest in Seneca on the grounds that these documents are not discoverable because they will not be admissible into evidence because they are settlement documents under Evidentiary Rule 408. Federal Rule of Evidence 408 states:

> Rule 408. Compromise and Offers to Compromise
>
> (a) Prohibited uses. Evidence of the following is not admissible on behalf of any party, when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction:
> (1) furnishing or offering or promising to furnish--or accepting or offering or promising to accept--a valuable consideration in compromising or attempting to compromise the claim; and
> (2) conduct or statements made in compromise negotiations regarding the claim, except when offered in a criminal case and the negotiations related to a claim by a public office or agency in the exercise of regulatory, investigative, or enforcement authority.
>
> (b) Permitted uses. This rule does not require exclusion if the evidence is offered for purposes not prohibited by subdivision (a). Examples of permissible purposes include proving a witness's bias or prejudice; negating a contention of undue delay; and proving an effort to obstruct a criminal investigation or prosecution.

Defendant's objection lacks merit because:

(a)      whatever "claims" were settled between Neumann and Omnicom are not the same claims brought by Plaintiff against Neumann, and Rule 408 is therefore inapplicable,

(b)      Rule 408 does not protect settlement documents from discovery but merely protects them in certain cases from admission into evidence,

2

Hon. James C. Francis
June 2, 2008
Page 3 of 6

    (c)    Neumann has not produced any documents demonstrating the existence of any disputed claim between Neumann and Omnicom, and

    (d)    the documents are admissible under Rule 408 for many purposes other that proving liability (such as motivation, bias or prejudice of a witness). Plaintiff has a right to inspect the documents related to the alleged dispute and the alleged settlement because without seeing the documents he cannot yet determine for what purpose he may seek to admit the documents into evidence.

First, at a minimum, Plaintiff Tierney has an absolute right to discover documents concerning the alleged dispute between Neumann and Omnicom because Rule 408 applies only if a disputed claim exists. If a true dispute did not exist, then Rule 408 does not apply. *See* Cook Assocs. v PCS Sales (USA), Inc. 271 F. Supp. 2d 1343, 1348 (D.C. Utah 2003) (Evidence of settlement not excluded from evidence because discussions had not crystallized to point of threatened litigation; "The discussion does not show that Cook was disputing either the validity or the amount of PCS's claim, a requirement for exclusion under the settlement discussion rule."). Moreover, if the disputed claim is different than Tierney's claim in the current litigation, then Rule 408 would not prevent the use of such settlement documents. Thus, Tierney has a right to discovery facts concerning the claim of Omnicom against Neumann that was allegedly disputed and then settled.

Second, Rule 408 is a rule of evidence and acts to prevent admission of settlement facts into evidence but does not create a privilege preventing them from being discovered. *Santrayll v. Burrell*, 1998 U.S. Dist. LEXIS 586 at *4-5 (S.D.N.Y. 1998) (granting motion to compel discovery of settlement documents; stating "Rule 408 of the Federal Rules of Evidence limits the introduction at trial of evidence regarding settlement negotiations. However, this rule applies only to the admissibility of evidence, not to discovery."); *see Securities and Exchange Comm'n v. Downe*, 1994 U.S. Dist. LEXIS 708, 1994 WL 23141, *6 (S.D.N.Y. Jan. 27, 1994). Rule 408 only applies to admissibility of evidence at trial and does not necessarily protect such evidence from discovery. *Morse/Diesel, Inc. v Fidelity & Deposit Co.*, 122 F.R.D. 447 (S.D.N.Y. 1988) (holding surety had right to discovery of settlement documents). Federal Rules of Evidence Rule 408 creates no "settlement privilege" for purposes of discovery, rather party seeking settlement-related materials must establish that they are reasonably calculated to lead to discovery of admissible evidence. *See Morse/Diesel, Inc. v Trinity Indus.*, 142 F.R.D. 80, 82 (S.D.N.Y. 1992), *request den.*, U.S. Dist. LEXIS 9190 (S.D.N.Y. 1993). Federal Rule of Evidence 408 limits introduction at trial of evidence regarding settlement negotiations, not discoverability of such evidence. See *Alcan Int'l Ltd. v S.A. Day Mfg. Co.*, 179 F.R.D. 403 (W.D.N.Y. 1998).

Rule 26(b) of the Federal Rules of Civil Procedure governs discovery and provides, in relevant part, "The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). The Southern District of New York has interpreted "reasonably calculated" to mean "any possibility that the information sought may be relevant to the subject matter of this

Hon. James C. Francis
June 2, 2008
Page 4 of 6

action.'" *Mallinckrodt Chemical Works v. Goldman, Sachs & Co.*, 58 F.R.D. 348, 353 (S.D.N.Y. 1973) (emphasis in original) (quoting C. Wright, Law of Federal Courts § 81, at 359 n.47 (2d Ed. 1970)). Here, the settlement documents requested should be ordered produced because they are directly relevant to the action.

Third, while evidence of settlement may not be admissible to prove liability, Rule 408 does not require exclusion when evidence is offered for another purpose, such as proving bias or prejudice of a witness or to impeach a witness's credibility. *Santrayll v. Burrell*, 1998 U.S. Dist. LEXIS 586 at *4-5 (S.D.N.Y. 1998) (granting motion to compel discovery of settlement agreement because settlement agreement may lead to the discovery of evidence that would establish Downe's bias, interest, or prejudice); *County of Hennepin v AFG Industries, Inc.*, 726 F.2d 149 (8th Cir. 1984); *United States Aviation Underwriters, Inc. v Olympia Wings, Inc.* 896 F.2d 949, 956 (5th Cir. 1990), *reh. den., en banc*, 903 F.2d 826 (1990) (District Court did not abuse its discretion in permitting plaintiffs to elicit settlement testimony from its witness to show that he was now more neutral and unbiased witness, after defendants had sought to impeach witness by showing inconsistency between deposition testimony and live testimony.). Furthermore, Rule 408 permits cross-examination concerning settlement between plaintiff and joint tortfeasor on witness stand for purpose of impeachment. *Sharp v Hall*, 482 F. Supp 1 (E.D. Okla. 1978). Here, the terms of the settlement may demonstrate the prejudice or bias of a witness for Omnicom or of Neumann himself.

Fourth, the evidence of the alleged dispute and settlement agreement, may be used to properly show the relationship and state of mind of the parties and may reveal that Omnicom has indemnified Neumann. Evidence of an indemnity agreement is admissible evidence even if contained in a settlement. *See Brocklesby v United States*, 767 F.2d 1288 (9th Cir. 1985), *cert. den.*, 474 U.S. 1101 (1986) (Indemnity agreement contained in stipulation of compromise settlement between two parties is properly admitted at trial to show relationship of parties, i.e., that two parties are not adverse, as well as to attack credibility of parties' witnesses). *See also Prudential Ins. Co. v Curt Bullock Builders, Inc.*, 626 F. Supp. 159 (N.D. Ill. 1985) (Rule 408 does not preclude admission of acts and statements by creditor at meetings in which parties attempted to resolve loan dispute, where debtor claimed that creditor was liable as agent and co-conspirator of other creditor for wrongful setoff and dishonor of checks, since statements might tend to show agency or joint relation between creditors.); *Bankcard Am., Inc. v Universal Bancard Sys.* 203 F.3d 477 (7th Cir. 2000), *reh., en banc, den.*, 2000 US App LEXIS 8731 (2000), *cert. den.*, 531 U.S. 877 (2000), *reh. den.*, (2001) 531 U.S. 1105 (2001) (Admission of defendant's president's testimony that touched on settlement negotiations was not violation of Rule 408 since it was admitted to show his state of mind and to explain defendant's actions, i.e., that it thought settlement had been reached, where plaintiff alleged that defendant's actions were breach of contract).

Finally, in the corporate context, settlements involving buy-outs may be used to show value owed to a shareholder. *See Rosemann v Roto-Die, Inc.*, 377 F.3d 897 (8th Cir. 2004) (Trial court did not err in admitting evidence of exchange of letters between corporation's president and minority shareholder concerning buyout negotiations that occurred between them, as that evidence was admissible for purpose other than to show that settlement negotiations had

Hon. James C. Francis
June 2, 2008
Page 5 of 6

occurred; evidence was relevant to whether separate negotiations outside stock redemption agreement had occurred or whether price set forth in that agreement was only price to be used to determine value of shares minority shareholder sought to redeem.)

The settlement discussions between Omnicom and Neumann are directly relevant as they may indicate whether Omnicom did or did not instruct Neumann to distribute Seneca's available cash. Moreover, the amount of monies paid to Neumann by Omnicom and the source of the monies is directly relevant to the underlying action because it may show that Neumann's motive in refusing to distribute Seneca's available cash was to appease Omnicom and to obtain a buy-out of his minority position by Omnicom. The dispute and settlement documents will likely also show Neumann's mental intent to intentionally breach the Seneca Operating Agreement and will show that he was monetarily enriched as a result of his intentional breach by Omnicom's buy-out. *See* Operating Agreement at Paragraph 1.2(c). Thus, the settlement facts will show that Neumann has a blatant self-interest and bias and that he intentionally breached the Operating Agreement and as a result was enriched by a buy-out from Omnicom.

Neumann's sale of his ownership interest in Seneca to Omnicom constitutes his unjust enrichment as the amount he received clearly includes the distributions that he has improperly refused to distribute to the Seneca owners including Tierney and constitutes an improper payment to him by Omnicom for his refusal to distribute funds to Tierney.

Accordingly, Tierney reiterates his request that Neumann be ordered to produce documents related to Neumann's dispute with Omnicom, his alleged settlement of such dispute and his sale of his interest in Seneca. No prejudice will result from the discovery of these documents and issues related to the admissibility of these documents can be determined at a later date prior to trial when the full contents of the documents are known.

### Failure to Produce Documents Concerning Communication between Neumann and Omnicom Based on the Common Interest Privilege

Neumann has objected to Plaintiff's Document Request No. 6 which seeks communications related to this action and to Tierney's separate option claim against Omnicom and Plaintiff's Request No. 15 which seeks documents concerning any agreements between Neumann and Omnicom on the grounds that they are protected by the common interest privilege.

There is no evidence of any common interest shared by Neumann and Omnicom in these actions and therefore the common interest privilege does not apply. Accordingly, Tierney requests that the Court order Neumann to provide documents responsive to Request No. 6 and 15.

Given that Neumann has claimed to be an adversary of Omnicom who only recently settled a dispute with Omnicom by the sale of his entire 20% interest in Seneca (likely worth in excess of $5 million dollars), it is surprising that he is attempting to conceal his communications with Omnicom based on the common interest privilege.

Hon. James C. Francis
June 2, 2008
Page 6 of 6

The common interest rule is an extension of the attorney-client privilege and not an independent basis for privilege. *United States v. Schwimmer*, 892 F.2d 237, 243 (2d Cir. 1989). In order for a communication to be privileged within the common interest rule, it may be between multiple parties' lawyers who have a joint agreement but must still meet the requirements of a privileged attorney-client communication. Id. at 243-244. A communication is privileged when 1) the client seeks legal advice from an attorney, or where an attorney by revealing legal opinions could reveal the confidences of the client; 2) it is between privileged persons; 3) it is in confidence, and 4) it was for the purpose of seeking or obtaining legal assistance. Id. See *Pem-America, Inc. v. Sunham Home Fashions*, 2007 U.S. Dist. LEXIS 80548 at *6 (S.D.N.Y. 2007) (holding that common interest privilege did not apply to prevent disclosure of joint defense agreement).

Generally the common interest privilege applies to joint defendants in a litigation. See *Bass Public Limited Co. v. Promus Companies Inc.*, 868 F. Supp. 615, 621 (S.D.N.Y. 1994) (joint defense privilege did not apply because parties were not codefendants and "there was no evidence that any of the parties anticipated that they would become co-defendants in subsequent litigation"); see also *U.S. v. Weissman*, 1996 WL737042 at *10 (S.D.N.Y. 1996) (recognizing litigation requirement in dicta).

Most importantly, Neumann has no reason to believe that he will be named as a defendant in the Option litigation in which Tierney claims that Omnicom failed to pay out on the option that it had granted to him, and Omnicom has no reason to believe that it will be named as a defendant in this litigation. Accordingly, Neumann has no common interest with Omnicom and therefore cannot rely on the common interest privilege to conceal his discussions with Omnicom related to this case or to the Options case.

We thank you for your consideration of this request, and note that the deposition of Defendant Neumann is scheduled to take place on June 18, 2008, and accordingly, we would request a resolution of these issues prior to the deposition.

Sincerely,

William C. Rand

cc:
Jason A. Massimore, Esq.
Hughes Hubbard & Reed
One Battery Park Plaza
New York, New York 10004-1482
Phone 212-837-6000; Fax 212-422-4726

---

*Handwritten order (6/12/08):*

Defendant shall produce the requested documents relating to his "settlement" with Omnicom. The documents appear to be relevant and are not protected against discovery by F.R. Evid. 408. Indeed, whether Rule 408 even applies cannot be determined until the documents are disclosed. Based on defendant's representation that he has no written communications with Omnicom concerning this litigation, plaintiff's request for those documents is denied as moot. Whether oral communications will be subject to discovery will depend on defendant establishing privilege. SO ORDERED. James C. Francis IV

MAGISTRATE JUDGE JAMES C. FRANCIS IV
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

500 PEARL STREET, ROOM 1960
NEW YORK, NEW YORK 10007-1312

# FAX

FAX NO. (212) 805-7930
VOICE NO. (212) 805-0206

DATE: 6/16　　　　　　　TIME:

TO: William Rand/　　　FROM: Sam Munger
　　Jason Mazzamaro

DESCRIPTION: Copy of order re: discovery disputes

NUMBER OF PAGES (INCLUDING THIS PAGE): 7