William C. Rand, Esq.
LAW OFFICE OF WILLIAM COUDERT RAND
711 Third Ave., Suite 1505
New York, New York  10017
(Phone) (212) 286-1425; (Fax)(212) 599-7909
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MICHAEL P. TIERNEY,                                :         07 Civ. 4090 (BSJ)
                                                                    :
                         Plaintiff,            :
                                                                    :
        -against-                           :
                                                                    :
GERARD A. NEUMANN,                          :
                                                                    :
                         Defendant.        :
                                                                    :
------------------------------------------------------------------------X

## EXHIBIT C

## TO THE

**DECLARATION OF WILLIAM C. RAND IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND THE COMPLAINT HEREIN**

**LAW OFFICE OF WILLIAM COUDERT RAND**
711 Third Ave., Suite 1505
New York, New York 10017
(Phone) 212-286-1425; (Fax) 212-599-7909
email: wcrand@wcrand.com

August 19, 2008

Jason A. Masimore, Esq.
Hughes Hubbard & Reed
One Battery Park Plaza
New York, New York 10004-1482

Re: *Michael P. Tierney v. Gerard A. Neumann,*
Case No. 07 CV 04090 (BSJ) (S.D.N.Y.)

Dear Mr. Masimore:

We plan to make a motion to amend the complaint to assert claims against Mr. Neumann ("Neumann") on the basis of information which you have recently provided in discovery. Please let me know if you will consent to our filing such an amended complaint.

As a result of your recent document production it is now clear that, as early as August of last year, Neumann was surreptitiously negotiating with Omnicom to sell his entire stake in Seneca. As you know, during this time period, there were several important corporate matters before the Seneca board of directors, which included Neumann. Among these matters were:

(i)     the sale of Taleo shares,

(ii)    the characterization of PGNT management fees,

(iii)   the indemnification by Omnicom of Seneca legal fees incurred in the Omnicom securities fraud class action,

(iv)    the distribution of cash,

(v)     the sale of Seneca's investment in Media Space Solutions,

(vi)    the appointment of an independent tax advisor for Seneca,

(vii)   the preparation of the reports due to Seneca shareholders in accordance with Exhibit C to the Seneca Operating Agreement,

(viii)  the pro-rata distribution of Seneca assets to all shareholders,

(ix)   the timely and accurate filing of tax returns on behalf of Seneca,

(x)    the right of Neumann to claim from Omnicom under his Directors and Officers Indemnification Agreement for legal fees and expenses, rather than from Seneca; and

(xi)   the independence of counsel appointed to represent Neumann in the instant action, and the appropriateness of using Seneca funds to pay such counsel without independent review.

Of course, in his capacities as a director and officer, Neumann had a fundamental duty of care and loyalty to Seneca and all of its shareholders, not just to himself. In addition, Neumann had certain contractual obligations under the various Seneca restructuring documents signed by the parties on March 31, 2004. Neumann's failure to disclose his negotiations with Omnicom suggests that he recognized the severe conflict of interest which those negotiations represented. In any event, it is now evident that, from at least August of 2007 onwards, Neumann was engaged in a pattern of blatant and clandestine self-dealing, rather than providing Seneca and its shareholders the independent and unconflicted care which he owed them.

Neumann's failure to discharge his basic fiduciary duties cost Seneca and its shareholders tens of millions of dollars in value. At the same time, his long undisclosed pattern of self-dealing of course ultimately culminated in a payment to him of over $11,000,000 by Omnicom, which is a personal illegal financial benefit subject to disgorgement. It is also evident from the documents you recently provided that Neumann insisted on this payment in partial consideration of his votes as a shareholder and director of Seneca to remove Plaintiff as the Chief Executive Officer and a director of Seneca. To demand and receive such compensation under the circumstances is also actionable.

Please let us know whether you will consent to our motion to amend the complaint herein to reflect the foregoing. We look forward to your prompt reply.

Sincerely,

William C. Rand