William C. Rand, Esq.
LAW OFFICE OF WILLIAM COUDERT RAND
711 Third Ave., Suite 1505
New York, New York 10017
(Phone) (212) 286-1425; (Fax)(212) 599-7909
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
MICHAEL P. TIERNEY,                                  :     07 Civ. 4090 (BSJ)
                                                     :
                Plaintiff,                  :
                                                     :
     -against-                                      :
                                                     :
GERARD A. NEUMANN,                                   :
                                                     :
                Defendant.                  :
                                                     :
------------------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION TO FILE AN AMENDED COMPLAINT**

Dated: New York, New York
       September 4, 2008

                                  LAW OFFICE OF WILLIAM COUDERT RAND
                                  William C. Rand (WR-7685)
                                  711 Third Avenue, Suite 1505
                                  New York, New York  10017
                                  (Phone) (212) 286-1425
                                  (Fax)     (212) 599-7909
                                  Attorneys for Plaintiff Michael P. Tierney

## TABLE OF CONTENTS

    Page

PRELIMINARY STATEMENT………………………………………………………… 1

The Recently Disclosed, Surreptitious $11,000,000 Cash Neumann Payment………………. 2

STANDARD TO BE APPLIED TO MOTION…………………………………………… 5

ARGUMENT

I.    THERE ARE NO COUNTERVAILING REASONS NOT TO GRANT LEAVE TO FILE AN AMENDED COMPLAINT…………………………….. 7

II.   THE DOCUMENTS RECENTLY PRODUCED BY NEUMANN PAINT A PRIMA FACIE PICTURE OF DECEPTION, SELF DEALING AND BREACH OF FIDUCIARY DUTIES………………………………………………………….. 8

III.  NO PREJUDICE TO DEFENDANT WILL RESULT FROM THE GRANTING OF LEAVE TO FILE AN AMENDED COMPLAINT…………………………………. 9

CONCLUSION…………………………………………………………………………… 10

TABLE OF AUTHORITIES

Page

*Evans v. Syracuse City School Dist.*,
    704 F.2d 44, 47 (2d Cir. 1983)……………………………………………… 6

*Foman v. Davis*,
    371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)………………………. 6

*Kurzweil v. Philip Morris Cos.*,
    1997 U.S. Dist. LEXIS 4451 (S.D.N.Y. April 9, 1997)…………………………. 6

*Lennon v. Seaman*,
    2001 U.S. Dist. LEXIS 2798 (S.D.N.Y. May 16, 2008)…………………………. 6

*Richardson Greenshields Sec., Inc. v. Lau*,
    825 F.2d 647, 653 n.6 (2d Cir. 1987)……………………………………….. 6

*Roller Bearing Co. of Am., Inc. v. Am. Software, Inc.*,
    2008 U.S. Dist. LEXIS 61787 at *9 (D. Ct. August 13, 2008)…………………... 7

*Smiga v. Dean Witter Reynolds, Inc.*,
    766 F.2d 698, 703 (2d Cir. 1985)…………………………………………… 6

*State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981)………………. 6

Statutes

Federal Rule of Civil Procedure 15(a) ……………………………………………… 5-7

Federal Rule of Civil Procedure 15(d)………………………………………………. 5-7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
MICHAEL P. TIERNEY,                                     :    07 Civ. 4090 (BSJ)
                                                        :
                Plaintiff,                        :
                                                        :
     -against-                                        :
                                                        :
GERARD A. NEUMANN,                                      :
                                                        :
                Defendant.                        :
                                                        :
-----------------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S MOTION TO FILE AN AMENDED COMPLAINT**

Plaintiff Michael P. Tierney ("Plaintiff" or "Tierney") submits this memorandum of law in support of his motion under Rule 15 of the Federal Rules of Civil Procedure for leave to file an amended complaint herein against Defendant Gerard A. Neumann ("Defendant" or "Neumann").

**PRELIMINARY STATEMENT**

Documents only recently disclosed by Neumann pursuant to the June 12, 2008 discovery order of Magistrate James Francis (the "June 12, 2008 Order") reveal that, for almost a year and while he was a director and officer of Seneca Investments LLC ("Seneca"), Neumann conducted surreptitious negotiations to receive a cash payment of almost $11,000,000 for certain corporate votes and his share of Seneca assets. These documents paint a picture of clandestine and blatant self-dealing and collusion by Neumann, and demonstrate black-and-white breaches of his fiduciary duties to Plaintiff and Seneca of loyalty, good faith, and disclosure, and demonstrate repeated breaches of his implied covenant of good faith and fair dealing. Plaintiff seeks leave to amend his complaint herein to allege facts only now disclosed to him by Neumann.

1

At all relevant times through February 27, 2008:

--   Plaintiff beneficially owned 40% of Seneca; Neumann beneficially owned 20%, and a large advertising company called Omnicom Group Inc. ("Omnicom") claimed that it owned 40%. [1]

--   Neumann was the Chief Financial Officer and one of three members of the Board of Directors of Seneca.

--   Plaintiff was Seneca's Chief Executive Officer and also a member of the board of directors.

--   The third member of Seneca's board of directors was Dara Akbarian, a full time employee of Omnicom.

--   Seneca had only three assets -- (i) about $2,000,000 in cash, (ii) 2,123,637 shares of a publicly-traded company called Taleo Corporation ("Taleo"), and an investment in a private company called "Media Space Solutions ("Media Space.)

--   Neumann had exclusive control over Seneca financial records and cash.

Leading up to 2007, Neumann had regularly distributed to Plaintiff his pro-rata share of Seneca cash, as required by the Seneca Operating Agreement dated March 31, 2004. Suddenly in 2007, he refused to do so, allegedly acting on Omnicom's instructions. Now it is evident that, while Neumann pretended to act in the best interests of Seneca and its shareholders as was his contractual obligation and statutory duty, he was instead secretly engaged in pursuing one objective -- enriching himself at the expense of Plaintiff and Seneca.

**The Recently Disclosed, Surreptitious $11,000,000 Cash Neumann Payment**

Based on the information then available to him, Plaintiff originally brought this action in New York Supreme Court on April 24, 2007 to, *inter alia*, compel Neumann to make a distribution of Plaintiff's pro-rata share of available cash pursuant to the terms of Seneca's

---

[1]   On March 31, 2004, it is now clear, Omnicom transferred all of its financial interest in Seneca to a third party. In June of 2007, Omnicom claims that it reacquired that Seneca financial interest.

2

Operating Agreement. Plaintiff also alleged breaches by Neumann of his fiduciary duties as a director and officer of Seneca. Defendant removed the action to this court on May 25, 2007. [2]

Until late June of this year, Neumann had made only a limited document production. As it turns out, Neumann had in fact failed to disclose hundreds of pages of communications between him and his representatives on the one hand, and Omnicom and its representatives on the other hand, which were directly relevant to Plaintiff's allegations herein. On June 12, 2008, Magistrate Judge James C. Francis ordered Neumann to produce documents related to an alleged clandestine "settlement" between Neumann and Omnicom. (Rand Decl. ¶¶ 3 - 6.)

Documents subsequently produced by Neumann in a piecemeal fashion revealed that the "settlement" was in fact an $11,000,000 cash payment to Neumann by Omnicom (the "Neumann Payment") made on or about February 27, 2008 in exchange for, *inter alia*, (i) Neumann's vote as a shareholder to remove Plaintiff as a Director of Seneca, (ii) Neumann's vote as a director to remove Plaintiff as the Chief Executive Officer of Seneca, and (iii) the transfer of Neumann's shares in Seneca to Omnicom. The Neumann Payment was calculated to include Neumann's share of Seneca's assets and including available cash, and was negotiated and paid all while Neumann acted to prevent Plaintiff from receiving any distribution from Seneca of his share of Seneca's available cash or other assets.

On August 19, 2008, Neumann produced yet additional documents disclosing, for the first time, that Neumann -- while he was a director and officer and Seneca -- had secretly begun negotiating the Neumann Payment with Omnicom in June of 2007, if not earlier. [3] Between June

---

[2] Declaration of William C. Rand dated September 4, 2008 filed in support of the present motion, paragraph 2. Hereafter cited as Rand Decl. ¶ __."

[3] Neumann's document production pursuant to the June 4, 2008 Order appears to be far from complete.

of 2007 when he secretly began his negotiations on the Neumann Payment, and February 27, 2008 when Omnicom secretly made the $11,000,000 cash payment to Neumann, there were several important corporate matters before Neumann as a Seneca directors and officer.  Among these matters, each of which required Neumann's independent and good faith deliberations and actions, were:

    (i)    the sale or distribution by Seneca of Taleo shares,

    (ii)    the disputed characterization by Omnicom of certain management fees paid by Seneca,

    (iii)    the indemnification by Omnicom of Seneca legal fees incurred in the Omnicom securities fraud class action,

    (iv)    the distribution of cash,

    (v)    the sale of Seneca's investment in Media Space Solutions,

    (vi)    the appointment of an independent tax advisor for Seneca,

    (vii)    the preparation of the reports due to Seneca shareholders in accordance with Exhibit C to the Seneca Operating Agreement,

    (viii)    the pro-rata distribution of Seneca assets to all shareholders,

    (ix)    the timely and accurate filing of tax returns on behalf of Seneca,

    (x)    the right of Neumann to claim from Omnicom under his May 2, 2001 Directors and Officers Indemnification Agreement for legal fees and expenses, rather than from Seneca, and

    (xi)    the independence of counsel appointed to represent Neumann in the instant action, and the appropriateness of using Seneca funds to pay such counsel without independent review.

Of course, in his capacities as a director and officer, Neumann had a fundamental duty to address these matters with care, loyalty and candor to Seneca and all of its shareholders. He owed a duty to disclose to the Seneca board of directors and its shareholders any matter which

might influence or impede his ability to act impartially and in the best interests of the company and all shareholders. (This he indisputably failed to do.) In addition, Neumann had certain contractual obligations under the various Seneca restructuring documents signed by the parties on March 31, 2004.

It is now evident that, from at least June of 2007 onwards, Neumann was engaged in a pattern of blatant and clandestine self-dealing, rather than providing Seneca and its shareholders the independent and unconflicted care which he owed them. Moreover, the failure by Neumann and his counsel to disclose his negotiations with Omnicom leading up to the enormous $11,000,000 Neumann Payment suggests that they recognized the severe conflict of interest which those negotiations represented.

Plaintiff seeks leave to file an amended complaint based on this newly disclosed information -- deliberately kept hidden from Plaintiff for almost a year and only produced because of this Court's June 12, 2008 Order. Exhibit B to the Rand Declaration contains the proposed Amended Complaint. [4]

### STANDARD TO BE APPLIED TO MOTION

Federal Rule of Civil Procedure 15(a) provides that a party may amend its pleading by leave of court or by written consent of the adverse party. "[L]eave shall be freely given when justice so requires." Previously amended pleadings may be subsequently amended only with the opposing party's written consent or the court's leave. Fed. R. Civ. P. 15(a). In the absence of consent, "[t]he court should freely give leave when justice so requires." *Id.* Leave should be

---

[4] Because of the substantial expansion of claims against Neumann, and supporting facts, dictated by the documents only recently made available by Neumann, the Amended Complaint is not marked to show changes from the original complaint. The allegations of the original complaint are essentially restated

denied only upon a showing of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962); *State Teachers Ret. Bd. v. Fluor Corp.,* 654 F.2d 843, 856 (2d Cir. 1981). The objective served by freely allowing amendments is to enable a party "to assert matters that were overlooked or were unknown . . . at the time . . . [of the] original complaint or answer." *Smiga v. Dean Witter Reynolds, Inc*., 766 F.2d 698, 703 (2d Cir. 1985).

Keeping in mind the principle that leave to amend should be freely given, it is the non-moving party's burden to demonstrate that it would be unfairly prejudiced by the proposed amendment. *See Evans v. Syracuse City School Dist.,* 704 F.2d 44, 47 (2d Cir. 1983). Absent an affirmative showing of prejudice, satisfactorily explained lengthy delays are insufficient grounds for denying leave to amend. *Richardson Greenshields Sec., Inc. v. Lau*, 825 F.2d 647, 653 n.6 (2d Cir. 1987) (surveying cases below and holding that a year-and-a-half delay between defendants' answer and motion for leave to file an amended answer did not constitute undue delay absent a finding of undue prejudice to plaintiffs); *see Lennon v. Seaman*, 2001 U.S. Dist. LEXIS 2798 (S.D.N.Y. May 16, 2008) (The court granted plaintiff's motion to serve and file a third amended complaint. Delay was caused by Defendant's concealment of facts); *Kurzweil v. Philip Morris Cos*., 1997 U.S. Dist. LEXIS 4451 (S.D.N.Y. April 9, 1997) (Permitted relief from order of dismissal and granted leave to file amended complaint based on newly discovered nicotine studies).

Rule 15(d) also permits amendment of the complaint to allege "any transaction,

---

in paragraphs 37 to 77 of the Amended Complaint. Of course, if the Court wishes, Plaintiff can provide the Amended Complaint marked to show changes from the original complaint.

6

occurrence, or event that happened after the date of the pleading." *Roller Bearing Co. of Am., Inc. v. Am. Software, Inc.,* 2008 U.S. Dist. LEXIS 61787 at *9 (D. Ct. August 13, 2008) (permitting amendment of complaint to reflect new facts; "standards for permitting additional pleading under Rule 15(a) and Rule 15(d) are the same").

Here, Defendant will suffer no undue prejudice as a result of the amendment of the complaint as Defendant himself concealed the newly discovered facts upon which the amended complaint is based.

## ARGUMENT

### I. THERE ARE NO COUNTERVAILING REASONS NOT TO GRANT LEAVE TO FILE AN AMENDED COMPLAINT

This is the first amendment of the complaint sought by Plaintiff. It is sought solely because of the failure of Neumann to produce the highly relevant documents which form the basis for the new causes of action in the Amended Complaint. Those documents were produced only after Plaintiff obtained an order from Magistrate Francis on June 12, 2008 compelling Neumann to produce them. Moreover, Defendant has produced documents in response to the order on a limited and "rolling" basis, with the most recent "supplemental production" being made on August 19, 2008. [5] On that very day, Plaintiff wrote to Neumann's counsel, requesting his consent to the filing of an amended complaint on the basis of the new documents recently produced. Defendant refused to consent to the filing of an amended complaint. (Rand Decl. ¶ 7.) Thus, Plaintiff has acted as expeditiously as possible in seeking to file the amended complaint once the documents produced by Defendant came to light.

Plaintiff should not be disadvantaged because of Neumann's intentional and lengthy withholding of highly relevant documents. Indeed, as is now clear, Neumann's *modus operandi*

---

[5] Rand Decl. ¶ 5.

7

as a director and officer of Seneca -- apparently as advised by his legal counsel -- was to keep hidden from Plaintiff, Seneca's Chief Executive Officer and a fellow director, all aspects of his secret negotiations with Omnicom to receive a $11,000,000 cash payment in exchange for certain votes and transactions benefiting Neumann exclusively at the expense of Plaintiff and Seneca.

II.  **THE DOCUMENTS RECENTLY PRODUCED BY NEUMANN PAINT A PRIMA FACIE PICTURE OF DECEPTION, SELF DEALING AND BREACH OF FIDUCIARY DUTIES**

The original complaint filed herein concerned Neumann's actions and omissions as an officer and director of Seneca. At all relevant times, Seneca had only three directors -- Plaintiff, Neumann and Akbarian (a full time employee of and appointed by Omnicom.) It had only two officers, Plaintiff and Neumann, both unpaid. It had only three shareholders -- Plaintiff, Neumann and Omnicom.[6] Seneca engaged in no business except the liquidation of its assets and the pro-rata distribution of the resultant proceeds to shareholders.

Suddenly, in 2007, Neumann refused to continue with the liquidation of Seneca's assets, or the distribution of its cash, allegedly on Omnicom's instructions. He suddenly fired Seneca's tax accountant, and allowed Omnicom to appoint its own accountant for Seneca. He allowed Omnicom to impose over $1,000,000 in expenses onto Seneca, over Plaintiff's objections. He refused to allow independent monitoring of hundreds of thousands of legal fees he unilaterally paid from Seneca's funds, even though he was entitled to claim such funds from Omnicom. He refused to take a position on the sale of Seneca assets, while they lost millions of dollars of value. He refused to participate in any Seneca board meetings, or to take any action as a director

---

[6]  See footnote 1, *supra*.

of Seneca, regarding several fundamental Seneca corporate matters.  (See Amended Complaint paragraphs 12, 13 *et seq.*)

Now, the documents only recently produced by Neumann, reveal that during all of this time he was secretly negotiating an $11,000,000 cash payment from Omnicom.  Neumann and his counsel communicated regularly, and clandestinely, with Omnicom and its counsel concerning many key Seneca matters.  They made sure to disclose none of this to Plaintiff, Seneca's Chief Executive Officer and a member of the board of directors.

Thus, while he was doing all he could throughout 2007 and early 2008 as an officer and a director of Seneca to ensure that Plaintiff received no distribution at all of Seneca assets, Neumann was secretly negotiating to receive $11,000,000 on the basis of the value of those very assets -- that is, he was secretly negotiating an effective distribution to himself.    Moreover, Neumann explicitly linked his votes to remove Plaintiff as a member of the board of directors of Seneca and as its Chief Executive Officer to his demand for the $11,000,000 cash payment.   It is hard to imagine a more egregious case of self-dealing, divided loyalty and bad faith.

### III. NO PREJUDICE TO DEFENDANT WILL RESULT FROM THE GRANTING OF LEAVE TO FILE AN AMENDED COMPLAINT

Plaintiff does not seek to add any parties to this action.  Plaintiff has not yet taken any depositions in this action, but has produced all documents in his possession relating to Seneca. While additional document production by Neumann and its representatives may be necessary, most of this production is already required by the terms of the June 12, 2008 Order entered by Magistrate Francis.  (Rand Decl. ¶¶  3 - 5.)

Finally, Defendant cannot be heard to complain of prejudice when Neumann's own intentional withholding of relevant documents for the past year has prevented Plaintiff from

9

bringing before this court a complaint containing all of the facts and causes of action requiring adjudication between Plaintiff and Neumann relating to Seneca. [7]

## CONCLUSION

For the reasons stated, Plaintiff respectfully requests that the Court grant leave to Plaintiff to file the Amended Complaint attached as Exhibit A to the Rand Declaration.

Dated: New York, New York
       September 4, 2008

                                    LAW OFFICE OF WILLIAM COUDERT RAND

                            By: _____
                                  William C. Rand (WR-7685)
                                  711 Third Avenue, Suite 1505
                                  New York, New York  10017
                                  (Phone) (212) 286-1425
                                  (Fax)    (212) 599-7909
                                  Attorneys for Plaintiff Michael P. Tierney

---

[7] On May 21, 2008, Neumann filed a (very late) Motion For Judgment On The Pleadings. That Motion has been fully briefed, and is pending before the Court. If Plaintiff's motion for leave to file an amended complaint is granted, that Motion For Judgment On The Pleadings will of course be rendered moot.