711 Third Ave., Suite 1505
New York, New York 10017
(Phone) 212-286-1425; (Fax) 212-599-7909
email: wcrand@wcrand.com

Case 1:07-cv-04090-BSJ-JCF   Document 50   Filed 09/11/2008   Page 1 of 3

MEMO ENDORSED

VIA FAX 212-805-7930

Magistrate Judge James C. Francis
United States District Court
Southern District of New York
500 Pearl St.
New York, NY 10007-1312
Phone: 212-805-0206; Fax 212-805-7930

USDS September 9, 2008
DOCUM
ELECTRONICALLY FILED
DOC #:
DATE FILED   9/11/08

**Re:**  **Michael P. Tierney v. Gerard A. Neumann,**
**Case No. 07 CV 04090 (BSJ) (S.D.N.Y.)**

Dear Judge Francis:

Defendant Neumann continues to withhold relevant documents responsive to Plaintiff's document requests, including, we believe, those required to be produced by this Court in its Order of June 12, 2008 (the "Order"). We have met and conferred with opposing counsel on the issue, which remains unresolved as follows.

## Hughes Hubbard and Latham & Watkins Communications Responsive To Plaintiff's Document Requests

The complaint herein specifically alleges that Neumann breached his fiduciary duties as a director and officer of Seneca, and that he did so in collusion with Omnicom (the third Seneca shareholder). As is now evident, from at least June of 2007 through the end of February 2008 (while he was a Seneca director and officer of Seneca), Neumann was surreptitiously negotiating to receive the huge cash Neumann Payment from Omnicom. During this time period, the Seneca board of directors was faced with many decisions worth several millions of dollars, in which Plaintiff and Omnicom held contrary positions, and where the impartial review and action by Neumann as the third director was essential. His clandestine and self-dealing negotiations to receive the Neumann Payment from Omnicom during this time represent *prima-facie* breaches of his duties of care, loyalty and candor to Plaintiff and Seneca.

The Supplemental Production contains dozens of communications between Neumann's counsel Hughes Hubbard, and Omnicom's counsel, Latham & Watkins, concerning the Neumann Payment. Neumann has thus acknowledged that such communications are relevant and non-privileged. However, he has refused to produce communications between Hughes Hubbard and Latham & Watkins relating to the many other document requests of Plaintiff, all of which are likely to be directly relevant to Plaintiff's breach of fiduciary duty claims, and collusion with Omnicom.

-- *1* --

MICROFILMED  SEP 1 2 2008 @ 9:00 AM

## Apparent Gaps In Documents Relating to Omnicom's $10,700,000 Cash Payment To Neumann

Neumann had initially refused to produce any documents relating to his "settlement" of claims allegedly brought by Omnicom against him. Only in response to the Order did he produce a single final agreement, dated February 27, 2008, revealing that the "settlement" was not a payment by Neumann to Omnicom. Rather, it was a cash payment *to* Neumann *by* Omnicom of the enormous amount of almost $11,000,000 (the "Neumann Payment"). (Moreover, that document revealed that Neumann had demanded the Neumann Payment in part for his votes to remove Plaintiff as the Chief Executive Officer and a Director of Seneca.)

Then, only after my letter to the Court of August 4, 2008 requesting full compliance by Neumann of the Order, did Neumann produce additional documents relating to the Neumann Payment. This "Supplemental Production" -- still far from complete -- reveals that Neumann had in fact begun negotiating to receive the Neumann Payment from Omnicom as early as June of 2007. However, Neumann has provided little to no documentation relating to communications regarding the Neumann Payment (a) prior to June of 2007, (b) for the seven month period between mid–August 2007 and mid-February 2008, and (c) for the period of time from March 3, 2008 through the present. It is difficult to believe, in light of the Supplemental Production made to date for other time periods, that there were no relevant communications during these time periods as well.

## The Sale By Seneca of Media Space Solutions

One of Seneca's assets was its investment in a company called Media Space Solutions. The Supplemental Production reveals that Neumann was in negotiations to sell that investment to a third party, Signal Equity, for about $16,000,000 in cash. Such a sale by Seneca of course would have benefited all Seneca shareholders. However, Neumann inexplicably and unilaterally halted those negotiations on behalf of Seneca, and instead effectively sold his share of Seneca's Media Space investment to Omnicom, as part of the Neumann Payment. Neumann has claimed that there are no documents relating to this sudden and self-dealing about-face regarding the Media Space sale.

In a letter of today's date, counsel for Neumann has indicated that "to the best of[his] knowledge all responsive and non-privileged documents in Mr. Neumann's possession, custody and control relating to the settlement and Media Space Solutions have been produced in compliance with Magistrate Judge Francis's order." However, it seems highly unusual that there would be such large document gaps relating to the Neumann Payment and the Media Space sale.

Accordingly, Plaintiff respectfully requests that the court order Neumann to produce documents relating to communications between Hughes Hubbard and Latham & Watkins (or any other representatives of Neumann) and responsive to Plaintiff's document requests.

-- 2 --

We also respectfully request that Neumann produce:

a. communications regarding the Neumann Payment (i) prior to June of 2007, (ii) for the seven month period between mid--August 2007 and mid-February 2008, and (iii) for the period of time from March 3, 2008 through the present; and

b. Neumann's halt of negotiations to sell Seneca's Media Space investment to Signal Equity, and his decision instead to sell his share of Seneca's Media Space investment to Omnicom,

or specifically confirm that no such documents exist in the possession, custody or control of Neumann and his representatives.

Sincerely,

William C. Rand

cc:

Jason A. Massimore, Esq.
Hughes Hubbard & Reed
One Battery Park Plaza
New York, New York 10004-1482
Phone 212-837-6000; Fax 212-422-4726

9/11/08

with the exception of communications between Hughes Hubbard and Latham & Watkins, defendant has represented that no additional responsive documents are within his control; therefore, no relief is warranted. Nor is relief warranted with respect to the Hughes Hubbard/Latham & Watkins documents until some more specific dispute is identified. Defendant shall therefore produce within two weeks a log of any such documents withheld on grounds of privilege so that plaintiff may thereafter contest the claim of privilege.

SO ORDERED.
James C. Francis IV
USMJ